24CA0715 Peo v Tafoya 09-18-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0715
Pueblo County District Court No. 22CR759
Honorable Thomas B. Flesher, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

James Matthew Tafoya,

Defendant-Appellant.

APPEAL DISMISSED IN PART
AND SENTENCE AFFIRMED

Division III
Opinion by JUDGE DUNN
Lipinsky and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 18, 2025

Philip J. Weiser, Attorney General, Jessica E. Ross, Senior Assistant Attorney
General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Esteban A. Martinez, Alternate Defense Counsel, Longmont, Colorado, for
Defendant-Appellant

¶ 1    Defendant, James Matthew Tafoya, appeals his sentence for second degree murder.  We dismiss the appeal in part and otherwise affirm.

## I.    Background

¶ 2    Tafoya pleaded guilty to second degree murder in exchange for the dismissal of a first degree murder charge.  Though second degree murder carries a sentencing range of sixteen to forty-eight years in prison, Tafoya stipulated in the plea agreement to a sixteen to twenty-four-year prison sentence.

¶ 3    Consistent with the agreement, the district court sentenced Tafoya to twenty-four years in prison.  In doing so, the court considered defense counsel's mitigation argument, but it nonetheless concluded that twenty-four years was an appropriate sentence for shooting the victim in the back of the head, which the court characterized as "an execution."

## II.    Discussion

¶ 4    As we understand it, Tafoya contends that the district court abused its sentencing discretion and violated his due process rights by (1) imposing an "irrational and unfair" sentence, and (2) sentencing him "for conduct, unproven to a jury, constituting first-

degree murder." We decline to address the first contention and disagree with the second one.

## A. The Sentence

¶ 5    A defendant convicted of a felony has "the right to one appellate review of the propriety of the sentence, having regard to the nature of the offense, the character of the offender, and the public interest." § 18-1-409(1), C.R.S. 2025. But if the sentence is within an agreed-upon range under a plea agreement, the defendant "shall not have the right of appellate review of the propriety of the sentence." *Id.* The propriety of the sentence "involves the intrinsic fairness or appropriateness of the sentence itself." *People v. Sullivan*, 2020 CO 58, ¶ 13 (citation omitted).

¶ 6    In his plea agreement, Tafoya stipulated to a prison sentence in the sixteen to twenty-four-year range. Because his twenty-four-year sentence is within that range, Tafoya is precluded from challenging the fairness of the sentence. *See* § 18-1-409(1); *Sullivan*, ¶ 13. Accordingly, we won't address Tafoya's claim that his sentence is "irrational and unfair."

## B. The Sentencing Proceeding

¶ 7     While section 18-1-409(1) bars review of the propriety of a sentence that is within an agreed-upon range in a plea agreement, it allows review of "the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based." A review of the manner in which the sentence was imposed "involves the extrinsic factors and procedures which affect the determination of the sentence." *Sullivan*, ¶ 13 (citation omitted).

¶ 8     Tafoya says that, in selecting its sentence, the court erred by relying on facts not found by a jury. He complains that — due to the court's statement about the execution-style nature of the killing — he was sentenced for committing first degree murder. To the extent this argument challenges the manner in which the sentence was imposed, we see no abuse of the court's sentencing discretion.

¶ 9     The court sentenced Tafoya in the presumptive range for a class 2 felony. *See* § 18-1.3-401(1)(a)(V.5)(A), C.R.S. 2025. We are aware of no authority — and Tafoya cites none — that requires a jury to find any facts before a court sentences a defendant in the presumptive range. *See Apprendi v. New Jersey*, 530 U.S. 466, 481 (2000) ("[N]othing . . . suggests that it is impermissible for judges to

3

exercise discretion — taking into consideration various factors relating both to offense and offender — in imposing a judgment *within the range* prescribed by statute.").

¶ 10     Insofar as Tafoya challenges the court's characterization of his conduct — shooting the victim in the back of the head — as an execution, Tafoya doesn't claim that the court's statement was inaccurate. *Cf. People v. Tallwhiteman*, 124 P.3d 827, 837 (Colo. App. 2005) (noting that a court may not base a sentence on "materially untrue evidence"). And the court was within its discretion to consider the nature of the offense and Tafoya's "actual conduct in committing the charged offense." *People v. Newman*, 91 P.3d 369, 371 (Colo. 2004).

¶ 11     For similar reasons, because Tafoya doesn't challenge the truthfulness of the information, the court acted within its discretion when it considered aggravating and mitigating circumstances, including Tafoya's failure to take advantage of family support to help him "negotiate" his drug addiction.

¶ 12     We therefore reject Tafoya's challenge to the manner in which his sentence was imposed.

### III. Disposition

¶ 13    The appeal is dismissed in part, and the sentence is affirmed.

JUDGE LIPINSKY and JUDGE KUHN concur.